UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF
AMERICA,

              Petitioner,               CASE NO.  02-80510

v.                                  JUDGE PAUL D. BORMAN

BRENT KILLINGER,

              Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

Before the Court is Petitioner's Supplemental Motion for Reconsideration of the Court's

November 16, 2004 Order Denying Petitioner's Motion to Set Aside or Correct his Sentence.

Local Rule 7.1(g)(3) provides in pertinent part as follows:

> [T]he court will not grant motions for rehearing or reconsideration that merely
> present the same issues ruled upon by the court, either expressly or by reasonable
> implication.  The movant must not only demonstrate a palpable defect by which
> the court and the parties have been misled but also show that correcting the defect
> will result in a different disposition of the case.

L.R. 7.1(g)(3).

Upon consideration of the motion and the applicable law, the Court finds that Petitioner

has failed to demonstrate a "palpable defect" in the Court's November 16, 2004 order, pursuant

to Local Rule 7.1(g)(3).  Accordingly, the Court DENIES Petitioner's Motion for

Reconsideration.  The Court, however, addresses the pertinent arguments advanced by Petitioner

below.

The history leading up to this motion is the following.  On June 5, 2002, the grand jury

indicted Petitioner and thirteen other individuals for their roles in the illegal importation and

1

distribution of controlled substances.  On October 21, 2002, the Petitioner entered into a non-cooperation Rule 11 plea agreement with the United States.  Petitioner was sentenced on March 25, 2003.  Petitioner filed a motion to vacate or correct his sentence under 28 U.S.C. §2255.  On September 16, 2004, Magistrate Judge Morgan issued an amended report and recommendation recommending that Petitioner's motion be denied, which this Court accepted on November 16, 2004.  Petitioner has since retained counsel, and sets forth a motion for reconsideration of the Court's November 16, 2004 Order.   Petitioner contends that he was ineffectively represented because his then attorney did not raise or preserve an *Apprendi v. New Jersey,* 530 U.S. 466 (2000) argument at sentencing and because his attorney did not preserve his right to a direct appeal on the grounds that the appellate waiver was unenforceable.

At the outset, a petitioner who moves to vacate his sentence under section 2255 must show one of the following: that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.  28 U.S.C. §2255.  To prevail under section 2255, the "petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003).

As noted, on October 21, 2002, the Petitioner entered into a non-cooperation Rule 11 plea agreement with the United States.  In Petitioner's plea agreement, he agreed to waive his right to appeal his sentence in exchange for an agreement that his sentence would not exceed 212 months.  The plea agreement provided:

If the court imposes a sentence equal to or less than the maximum sentence described in

2

¶2 of this agreement [212 months], defendant waives any right he may have to appeal his conviction or sentence, including any right under 18 U.S.C. §3742 to appeal on the grounds that the sentence was imposed as a result of an incorrect application of the sentencing guidelines.

(Plea Agreement ¶5).

Petitioner now argues that his waiver was not knowingly and voluntary,  The Court rejects Petitioner's argument.  Petitioner cites this Court's dissent in *United States v. Tutt,* 165 F.3d 29 (6th Cir. September 18, 1998) (unpublished).  In *Tutt,* the Sixth Circuit found that the defendant's waiver of his appellate rights was knowing and voluntary despite district court's failure to specifically ask the defendant whether he understood that, by entering into the plea agreement, he was waiving his appellate rights.  The Sixth Circuit deemed the Assistant United States Attorney's recitation of defendant's waived rights a sufficient explanation of the right waived.  This Court, writing in dissent, disagreed and found that there was no support in the record that defendant knowingly waived his appellate rights.  This Court provided:

> The instant issue of whether or not Defendant entered a knowing waiver of his right to appeal must focus on an examination of the transcript of the plea hearing.  A reading of that transcript confirms that there was no colloquy with regard to the waiver of the right to appeal; no mention by the judge, and no knowing waiver by Defendant Tutt....The Assistant U.S. Attorney's reading of the laundry list of waivers at the plea hearing, followed by a "yes," is not sufficient to establish a knowing waiver by Defendant Tuft.

*Id.* at *7.  The Court finds that the instant facts are clearly distinguishable because this Court, unlike the district court in *Tutt,* specifically asked Petitioner at the plea hearing whether he understood that he was waiving his appellate rights, and he responded that he did.  (Transcript at 9-10).  Therefore, the Court finds that Petitioner's waiver of his appellate rights was knowing and voluntary.  On the other hand, although not cited in Petitioner's motion, a district court in this Circuit has recently held that an appellate rights' waiver identical to Petitioner's waiver, does not include a collateral attack under section 2255.  See *Clinkscale v. U.S.,* 367 F.Supp. 2d

3

1150 (N.D. Ohio 2005).

In *Clinkscale,* the defendant agreed to waive his appellate rights in his Rule 11 plea agreement which contained identical language to the instant waiver. The Court recognized that it is well settled that a defendant can waive his right to collaterally attack his sentence on any ground, including ineffective assistance counsel. However, the Court found that in order to have a valid waiver of a Section 2255 motion, there must be a clear provision in the plea agreement waiving the defendant's rights. The Court provided that:

> [a]bsent a specific collateral rights waiver provision, it cannot be said that Mr. Clinkscale knowingly waived his right to collaterally attack his sentence, even though the plea agreement contained a generic waiver of rights to appeal his conviction and sentence.

*Id.* at 1157. Here, too, it cannot be said that Petitioner knowingly waived his right to collaterally attack his sentence because his plea agreement made no mention of a collateral attack under section 2255. Further, similar to the plea hearing in *Clinkscale,* there was no discussion at the plea hearing of whether the appellate waiver applied to his collateral rights. Accordingly, the Court finds that Petitioner did not knowingly waive his right to assert a ineffective assistance of counsel claim under section 2255. The Court will now address whether Petitioner was ineffectively assisted by his counsel.

Petitioner's ineffective claim is governed by *Strickland v. Washington,* 466 U.S. 668 (1984). Under *Strickland,* the Petitioner is required to show that his attorney's representation fell below an objective standard of reasonableness and there must exist a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 688. The Court finds that Petitioner has failed to demonstrate that his attorney's representation fell below an objective standard of reasonableness.

Petitioner argues that he was ineffectively represented because his then attorney did not

4

raise or preserve an *Apprendi* argument at sentencing and because his attorney did not preserve his right to a direct appeal on the grounds that the appellate waiver was unenforceable. Petitioner contends that had his attorney done so, he would have had a viable argument that his sentence was unconstitutionally excessive because it was increased based upon facts determined by judicial fact finding.  Petitioner acknowledges that the Sixth Circuit at the time of his sentencing held that *Apprendi* only applied if the statutory maximum sentence was increased. However, Petitioner contends that the Sixth Circuit's interpretation of *Apprendi* was rejected by the Supreme Court in 2004 in *Blakely v. Washington,* 124 S.Ct. 2531 (2004) and this decision was later solidified in  *United States v. Booker,* 125 S.Ct. 738 (2005).   Petitioner emphasizes that he is not arguing that his conviction is invalid or seeking to withdraw his plea, rather his focus is on the original sentencing hearing and the lack of a subsequent appeal.

In *Apprendi*, the defendant allegedly shot several bullets into the home of an African-American family that had recently moved to the neighborhood.  The defendant plead guilty to three counts.  Two counts carried a penalty range of 5-10 years, and the third count carried a penalty of 3-5 years.  Under the plea agreement, the State reserved the right to seek an enhanced penalty on the grounds that the crime was committed with a racially biased purpose.  The defendant also reserved the right to challenge any such enhancement.

The district court judge concluded that the defendant's sentence should be enhanced because the crime was committed for reasons of racial basis.  The district court judge sentenced the defendant to 12 years imprisonment.

The Supreme Court found that the defendant's sentence was unconstitutionally imposed. The Court found that a criminal defendant is entitled to have a jury determine every element of the crime.  A sentencing judge's authority to impose a sentence is limited by the facts alleged in

the indictment, found by the jury, or admitted by the defendant.  The Court provided that "other than the fact of prior conviction, any fact that increases the penalty for crime beyond prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt."  *Id.* at 489.  The Court provided that it violates the Constitution to increase the prescribed penalties for a criminal defendant using a standard other than beyond a reasonable doubt.  The district court judge determined that the offense was racially motivated using preponderance standards.  The defendant's sentence was vacated.

The Court notes that Petitioner emphasizes that he is not arguing that his conviction is invalid or seeking to withdraw his plea, rather his focus is on the original sentencing hearing and the lack of a subsequent appeal.  It is important to note that Petitioner states that he is not seeking to withdraw his plea.  Thus, Petitioner is bound by the terms of his plea agreement, including his waiver of appellate rights.  Petitioner contends that his lawyer was ineffective because he should have appealed his sentence based upon *Apprendi* and argued that his waiver of appellate rights was not knowing and voluntary.  However, as noted, the Court finds that Petitioner knowingly waived his appellate rights.  Therefore, Petitioner's then counsel's failure to appeal and make an argument that his waiver was not knowingly and voluntary, was not ineffective lawyering under *Strickland.*

Petitioner further argues that his counsel's failure to raise and preserve argument on *Apprendi* regarding role and quantity at the sentencing hearing was ineffective lawyering.  Petitioner argues that if his counsel had made these arguments, his sentence would have been much lower.  The Court notes that the plea agreement did not contain any stipulations about quantity nor did it assign any particular role to the defendant.  Petitioner did not make any admissions during the hearing.  Petitioner's argument, however, fails because it ignores the

6

validity of his plea agreement.  It is important to note that Petitioner is not challenging his counsel's advice pertaining to his plea agreement, and under that agreement Petitioner waived his appellate rights.

The Court notes that Petitioner's counsel was faced with then binding Sixth Circuit precedent holding that *Apprendi* did not apply to mandatory minimums.  *Strickland* provides:

> a court deciding an actual ineffectiveness claim must the judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.

*Id.* at 690.

Petitioner's claims must be addressed in the post plea agreement context.  In other words, Petitioner's counsel's actions at the sentencing hearing must be judged against the backdrop of the plea agreement.

There remains the issue of whether Petitioner's counsel should have raised an *Apprendi* argument at the sentencing hearings.  The Court notes that at the time of the sentencing hearings, the current law in the Sixth Circuit held that *Apprendi* did not apply to mandatory minimums.

After *Apprendi* was decided, the Sixth Circuit repeatedly rejected the argument that the Sentencing Guidelines, rather than the statute under which the defendant was convicted, determined the maximum sentence beyond which a sentencing court could not go absent findings fact by the jury or an admission by the defendant.  The Sixth Circuit, instead held that the sentencing court could continue to make findings of fact such as the drug quantity or the defendant's role in the offense in determining the defendant's sentence under the Guidelines and that the defendant had no grounds to complain of an *Apprendi* violation based on such judicial fact finding so long as his sentence fell within the applicable statutory maximum.  *U.S. v. Garcia,* 252 F.3d 838, 843 (6th Cir. 2001) ("*Apprendi* does not purport to apply to penalties in

7

excess of any particular range or based on any particular offense level under the Sentencing Guidelines.  See also *U.S. v. Lawrence,* 308 F.3d 623, 634 (6th Cir. 2002) ("We have squarely held that *Apprendi* does not apply to the guidelines.").  At the time of Petitioner's sentencing, his 96 month sentencing fell within the applicable statutory maximum[1], and therefore, his sentence did not run afoul of *Apprendi.*

It has now been determined that the Sixth Circuit incorrectly interpreted *Apprendi.*  The Supreme Court in *Blakely v. Washington,* 124 S.Ct. 2531 (2004), held that the term "maximum sentence" as that phrase is used in *Apprendi* meant the maximum sentence that a judge could impose based upon facts either found by a jury or admitted by the defendant, and not the statutory maximum as the Sixth Circuit had held.  This aspect of *Apprendi* was solidified in *United States v. Booker,* 125 S.Ct. 738 (2005).

Given that Petitioner had agreed to waive his appellate rights, and the state of the Sixth Circuit precedent, the Court finds that Petitioner's counsel's actions in failing to raise an *Apprendi* argument did not constitute ineffective lawyering.  If Petitioner's counsel would have made the argument that *Apprendi* required a finding of beyond a reasonable doubt as to Petitioner's role and quantity, the Court would have addressed this argument in the context of the Sixth Circuit's interpretation of "maximum sentence."  And while it is true Petitioner's counsel was charged with knowing about *Apprendi* and the volatile state of the law, and that the Sixth Circuit's interpretation of "maximum sentence" was arguably inconsistent with *Apprendi*; this knowledge was not helpful to Petitioner because he had no ability to appeal his sentence. Therefore, Petitioner's failure to argue under *Apprendi* and preserve it for appeal was not

---

[1]The statutory maximum penalty for importation of MDMA is twenty years' imprisonment.  See 21 U.S.C. §960(b)(3).

ineffective lawyering because Petitioner waived his right to appeal. This makes Petitioner's legal authority distinguishable.

Petitioner cites *Hicks v. United States,* 122 Fed. Appx. 253 (6th Cir. February 18, 2005) (unpublished opinion) and *Ballard v. United States,* 400 F.3d 404 (6th Cir. 2005) to support his contention that the failure to raise an *Apprendi* objections constitutes ineffective lawyering under *Strickland v. Washington,* 466 U.S. 668 (1984). As noted, under *Strickland,* the Petitioner is required to show that his attorney's representation fell below an objective standard of reasonableness and there must exist a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 688.

In *Hicks,* the defendant pled to several drug related charges in 1999. The defendant appealed, but his conviction and sentence were affirmed in 2001. Thereafter, the defendant filed a section 2255 motion alleging that his attorney was ineffective for failing to raise *Apprendi* issues on appeal. The Supreme Court issued its opinion in *Apprendi* after briefing but before oral argument of the direct appeal. The Court held that the defendant's counsel's failure to raise *Apprendi* was ineffective assistance of counsel because there was no reasonable choice for making a favorable legal argument. In the instant case, Petitioner waived his appellate rights. If Petitioner had appellate rights, and his counsel failed to raise an *Apprendi* argument on appeal, this clearly would satisfy the first prong of *Strickland.* However, as noted, Petitioner's counsel's actions must be judged after plea agreement was entered into. Thus, *Hicks* is distinguishable.

Similarly, in *Ballard,* the defendant did not waive her appellate rights, and filed an appeal contesting her sentence. Therefore, *Ballard* is also distinguishable from the instant facts. The *Ballard* defendant was found guilty by a jury of participating in a conspiracy to distribute cocaine, cocaine base, and marijuana. The general jury form did not distinguish between

9

substances.  The district court determined that the defendant was involved with cocaine and sentenced her accordingly.  The sentence was higher than the sentence that would have been imposed had the judge concluded that defendant was involved with marijuana.  The defendant appealed, and her conviction was affirmed.  The defendant then alleged in her section 2255 motion that her counsel was ineffective for not raising an *Apprendi* argument on appeal.  The Court found that the failure to raise that argument satisfied the first prong of *Strickland.*

To summarize, because Petitioner does not contest his plea agreement, his counsel's actions must be judged with the acknowledgment that Petitioner waived his appellate rights. Petitioner was sentenced on March 25, 2003.  The Court notes that *Blakely* was decided after Petitioner's sentencing, and Petitioner waived his right to appeal his sentence.  Therefore, Petitioner's arguments regarding his sentence under *Blakely* are not helpful to him because there was no clear error by his counsel's failure to preserve this issue for appeal - because his right to appeal had been waived.  Because Petitioner waived his appellate rights, his counsel's decision not to raise an *Apprendi* argument given the Sixth Circuit's interpretation of *Apprendi* was not objectively unreasonable.  Therefore, Petitioner fails to satisfy the first prong of *Strickland.* Accordingly, the Court denies Petitioner's motion for reconsideration.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2005

10

CERTIFICATE OF SERVICE


Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 14, 2005.


s/Jonie Parker
Case Manager